Thank you, Your Honor. May it please the Court, my name is Francis Fanning, and I represent the appellant, Roseanne Shaviak, in this matter. I'd like to reserve five minutes of my time for rebuttal. This case involves a small, neglected group of people that are often treated as kind of second-class citizens, and that is people who are temporary employees. You know, I can't accept your characterization at all. There's various kinds of employees, and temporary employees aren't the same as the people who get the benefits of the meet-and-confer ordinance, and there's a clear rational basis in the law for doing that. Well, Your Honor This is different treatment, but there's a rational basis for it, according to what we read in the record. Well, first of all, Your client's a temporary employee. I beg your pardon? Your client's a temporary employee. Yes, Your Honor. Well, what's the matter with that? I mean, there are gazillions of temporary employees all over the world, including the United States, and they're treated differently than different kinds of employees. Well, first of all, Your Honor, I would disagree with the assumption that a rational basis is sufficient in this case to differentiate between temporary employees and temporary employees. Why? What do we look to? You're saying there's an equal protection problem. Yes, Your Honor.  Well, it's not that the class is protected. It's that the activities that we're dealing with here are protected under First Amendment. Activities. Union? Union membership? Yes, Your Honor. She's not precluded from being a union member? Well, she isn't technically precluded from being a union member. She isn't. We've striked technically. She isn't precluded, period. Well, she's not precluded from being a union member, but the city basically is taking the position that she doesn't have protection against retaliation for being a union member, the way that the other employees do. The purpose of the PERB ordinance that the city established was to protect the organizational and representational rights of employees to join unions and to have unions participate in their case. I don't understand what this has to do with union membership, to be honest. I know that's a hook, but the ordinance simply gives a different procedural mechanism to some people than others. It doesn't deal with substantive rights to join a union or anything like that. It simply deals with a procedure that is followed when somebody's Well, Your Honor, the ordinance has both procedural and substantive aspects to it. The substantive parts are found in Section 2, 214, which is in the excerpts, excerpt number 5, at the beginning of page 13, and it defines the rights of public employees. Public employees shall have the right to form, join, and participate or refrain. And then Part B, public employees shall have the right to be represented by an employee organization, to meet and confer, and to be represented in the determination of grievances arising thereunder. And what we're contending here is that when Ms. Chaviak was involved in a grievance and she brought the union in, that her supervisors resented the fact that she was bringing a union to bear on this issue. And in the middle of the grievance process, somebody noticed that she was a temporary employee. And at that point, they said, you have no more rights. You have no union rights because you're a temporary employee. They terminated her right in the middle of the grievance process. And she and the union wanted to go to the per board to assert her rights under the ordinance. And the per board was prepared to consider the case, and then the city of Phoenix said, no, she's a temporary employee. And that's the problem. You know, I have to tell you, this appears to me to be a wholly frivolous appeal. The rational basis test applies. And the rational basis test applies to legislative acts that do not burden fundamental rights or classify persons based on race, alienage, national origin or sex. You've got a temporary employee. That's what you're talking about. I can't find any foundation at all for your claim that there's an equal protection violation. Well, your honor, zero zip. Our contention is that that the the rights that the that the per ordinance gives to employees are rights that emanate from the First Amendment, that they're not simply that the city didn't simply decide to have this ordinance. Have any any case at all similar to this that suggests that your theory is a valid one? Well, your honor, there was a recent Ninth Circuit case. Bad circuit to cite, but go ahead. I beg your pardon? Nothing. The the the case just came out last month. It's American Federation of Government Employees versus Stone. Did you bring this to our attention in a 28 J letter came out? Not yet, your honor. Would you leave that citation with the deputy clerk when you're finished with your arguments, please? He has a form for you. I will. This case didn't directly deal with the issue. What it dealt with was a Federal employee who claims he was retaliated against for participating in union activities. And and what the Ninth Circuit said in the case is that they were talking about the question of standing the union standing and the employees standing. And they said that that the well, they presumed that both the employee and the union had protectable First Amendment rights of free speech and association. And what we're contending here is that the city ordinance, the per ordinance was not something that the city just dreamed up. It was something that was a necessary way of the city addressing the fact that people do have constitutional rights to join unions and to and to. So the whole idea of temporary employees was a plot by the city to impinge on First Amendment rights of a certain class of people. That's what temporary employees is all about. No, Your Honor, the the the city just for some unexplained reason decided to exclude temporary employees from the definition of the employees who had these rights. Well, counsel, you know, going all the way back to Paul against Davis, when things require something plus in order to protect people who do not have substantive rights in connection with their jobs. There's been a recognition of a distinction between employees who have contractual rights, who are, for example, permanent employees and and those who do not. And so something that implements that concept, how do you get into that constituting a constitutional deprivation? Well, Your Honor, excuse me, in the in the due process cases, the courts make a distinction between, say, probationary employees and permanent employees. And the and the distinction is a distinction that one has a property interest in his job and the other doesn't. And it's it's because that's true. Also, permanent employees, they have they have some level of property interest in their jobs. Yes, that distinguishes them perhaps from a temporary employee who is at sufferance at will, essentially. Well, that that distinction for due process purposes is important because the due process clause. Only applies when there's a property or liberty interest at stake and the cases that that deal with that cases like. Roth and so forth, Roth and Perry versus Sinderman, those cases basically say once you achieve that property, right, that's when when you're entitlement to due process. And but but I guess I have the same issue that my colleagues do, which is if there's a whole body of jurisprudence that already says that permanent employees have special additional rights in their jobs, then why isn't it rational for a city to have a permanent employee who has a special additional rights in their jobs? And why isn't it rational for a city to be certain to give those employees more and better protections and procedures than the folks who don't meet that criterion? I don't understand why that isn't completely rational. Well, first of all, Your Honor, I disagree that that is the classification. When it comes to civil service protections, the distinction is between probationary employees who have not yet completed their probation and permanent employees who have completed probation. And that's where the property interest attaches. But that's not the distinction that the PERB ordinance makes. These are simply temporary employees. They're not even probationary employees on their way to becoming permanent employees. Well, the reason that Roseanne Chaviak was a temporary employee had nothing to do with how long she was there or how many hours she worked. It had to do with where the money came from. Which could disappear tomorrow from the federal government's budgeting process. And it disappears tomorrow. Why isn't the city rational to say, well, you know, we can't afford to put people in this category into the regular system? Well, let me again address the issue of this classification. If you take, say, a probationary employee who is considered permanent but not temporary, in other words, somebody who's working their way towards permanence, those probationary employees are covered by the PERB ordinance, even though they don't have a property interest yet in their job. They're not temporary employees, they're probationary employees. This only applies to a small group of people whose funding comes from something other than the city's regular budget. And our contention is that Arizona law entitles these people to the same protections as other employees when it comes to union organizational rights and so forth. And that the First Amendment is the basis for this bundle of rights. And that the purpose of the PERB ordinance is simply for the city to meet its obligations under the First Amendment. I believe I've- You have exceeded your time, but we've used a lot of it with questions. So when the time comes, we'll give you a minute back for rebuttal. All right, thank you, Your Honor. Thank you. Mr. Graona. Thank you, Your Honor. Good morning, may it please the court. David Gaona for the City of Phoenix. This case is only about whether the meet and confers ordinances from the City of Phoenix violate April Protection Law. The meet and confer statutes do permit distinctions and classification of employee, permanent versus non-permanent, permanent versus temporary. The meet and confer statute that is before this court doesn't prohibit any employee from union representation. And the only thing that the plaintiff wishes to hang its hat on is that she is prohibited from union representation relative to the meet and confer statutes. And therefore, there's a fundamental right. And therefore, we go beyond rational basis to compelling state interest type analysis or even intermediate type analysis, which was not argued before Judge Wake down below. The meet and confer statute doesn't prohibit union representation or activity. Indeed, the facts are undisputed that the plaintiff, Ms. Shaviak, was a card-carrying, dues-paying union member. The meet and confer statute does not prohibit a temporary employee from filing a grievance. Indeed, the factual records state, uncontroverted, that Ms. Shaviak utilized the system and, in fact, filed grievances with the help of the union. What the meet and confer statute does, as Judge Trott pointed out, is that it provides greater protections to those employees who have a greater expectation of continued employment because they're permanent. And as Judge Graber pointed out, that is a body of law, starting with Roth and others, which says that is rational. To give those particular employees better protection is rational. And that is what Judge Wake said down below. He said that that's a rational basis upon which to agree that the distinction, in fact, is well-based in the city's objectives. Judge Wake's opinion should be affirmed. There's nothing here that I've heard, unless the Court has any questions, that suggests otherwise. I don't believe any of us has any further questions for you. Thank you. Thank you. Mr. Fanning, we will give you an extra minute if you'd like to add anything. Counsel's argument, I have nothing further unless the Court has other questions. I think we don't. Thank you both for your arguments. The case just argued is submitted. And, Mr. Fanning, I know you still have a few copies of that to fill out. And if you'd be kind enough to do that before you leave, that would be very much appreciated. Thank you.
judges: Trott, Graber, Shadur